BENJAMIN B. WAGNER
United States Attorney
KEVIN C. KHASIGIAN
Assistant U. S. Attorney
501 I Street, Suite 10-100
Sacramento, CA  95814
Telephone:  (916) 554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>APPROXIMATELY $32,306.42 SEIZED FROM U.S. BANK ACCOUNT NUMBER 153499532478, HELD IN THE NAMES OF HIEN NGUYEN AND ANH NGUYEN, and<br><br>APPROXIMATELY $31,141.61 SEIZED FROM U.S. BANK ACCOUNT NUMBER 153497215530, HELD IN THE NAME OF HIEN NGUYEN, DBA: IMPERIAL KITCHENWARE,<br><br>Defendants. | 2:13-MC-00088-TLN-DAD<br><br>CONSENT JUDGMENT OF FORFEITURE |

Pursuant to the Stipulation for Consent Judgment of Forfeiture, the Court finds:

1. On April 29, 2013, agents with the Internal Revenue Service – Criminal Investigation ("IRS") executed Federal seizure warrants at U.S. Bank at 2460 Watt Avenue, Sacramento, California. The agents seized Approximately $32,306.42 from U.S. Bank account number 153499532478, held in the names of Hien Nguyen and Anh Nguyen and Approximately $31,141.61 from U.S. Bank account number 153497215530, held in the name of Hien Nguyen, DBA: Imperial Kitchenware (hereafter the "defendant funds").

2. The IRS commenced administrative forfeiture proceedings, sending direct notice to all

known potential claimants and publishing notice to all others.  On or about May 22, 2013, the IRS received claims from Hien C. Nguyen and Anh T. Nguyen ("claimants") asserting an ownership interest in the defendant funds.

3. The United States represents that it could show at a forfeiture trial that from October 15, 2012, and continuing at least to and through February 11, 2013, Hien C. Nguyen and Anh T. Nguyen or another person acting for their benefit, structured transactions by breaking up currency deposits to the U.S. Bank account number 153499532478, held in the names of Hien Nguyen and Anh Nguyen, and U.S. Bank account number 153497215530, held in the name of Hien Nguyen, DBA: Imperial Kitchenware. Between October 15, 2012, and February 11, 2013, at least $124,390 in currency was structured into U.S. Bank account numbers 153499532478 and 153497215530.  The defendant funds were allegedly used to structure currency deposit transactions by breaking them into amounts at or below $10,000.00 to avoid the currency transaction requirement in violation of 31 U.S.C. § 5324(a)(3) and causing a bank to fail to file a currency transaction report in violation of 31 U.S.C. § 5324(a)(1).

4. The United States could further show at a forfeiture trial that the defendant funds are forfeitable to the United States pursuant to 18 U.S.C. § 984 and 31 U.S.C. § 5317(c)(2), incorporating the procedures governing civil forfeiture actions pursuant to 18 U.S.C. § 981.

5. Without admitting the truth of the factual assertions contained above, claimants specifically denying the same, and for the purpose of reaching an amicable resolution and compromise of this matter, claimants agree that an adequate factual basis exists to support forfeiture of the defendant funds.  Claimants acknowledge that they are the sole owners of the defendant funds and that no other person or entity has any legitimate claim of interest therein.  Should any person or entity institute any kind of claim or action against the government with regard to its forfeiture of the defendant funds, claimants shall hold harmless and indemnify the United States, as set forth below.

6. This Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1345 and 1355, as this is the judicial district in which acts or omissions giving rise to the forfeiture occurred.

7. This Court has venue pursuant to 28 U.S.C. § 1395, as this is the judicial district in which the defendant funds were seized.

8. The parties herein desire to settle this matter pursuant to the terms of a duly executed

Stipulation for Consent Judgment of Forfeiture.

Based upon the above findings, and the files and records of the Court, it is hereby ORDERED AND ADJUDGED:

9. The Court adopts the Stipulation for Consent Judgment of Forfeiture entered into by and between the parties.

10. All right, title, and interest of Hien C. Nguyen and Anh T. Nguyen in the following defendant funds, plus any accrued interest, shall be forfeited to the United States pursuant to 18 U.S.C. § 984 and 31 U.S.C. § 5317(c)(2), incorporating the procedures governing civil forfeiture actions pursuant to 18 U.S.C. § 981, to be disposed of according to law:

    a. Approximately $32,306.42 seized from U.S. Bank account number 153499532478, held in the names of Hien Nguyen and Anh Nguyen, and

    b. Approximately $31,141.61 from U.S. Bank account number 153497215530, held in the name of Hien Nguyen, DBA: Imperial Kitchenware.

11. The United States of America and its servants, agents, and employees and all other public entities, their servants, agents and employees, are released from any and all liability arising out of or in any way connected with the seizure or forfeiture of the defendant funds.  This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said seizure or forfeiture, as well as to those now known or disclosed.  Claimants waived the provisions of California Civil Code § 1542.

12. No portion of the stipulated settlement, including statements or admissions made therein, shall be admissible in any criminal action pursuant to Rules 408 and 410(a)(4) of the Federal Rules of Evidence.

13. All parties will bear their own costs and attorney's fees.

IT IS SO ORDERED.

Dated:  October 30, 2014

_____
Troy L. Nunley
United States District Judge

Consent Judgment of Forfeiture